UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-08699-JHN-RZ | Date | October 28, 2011 |
|---|---|---|---|
| Title | *Joshua Sauer v. The Prudential Ins. Co. of Am. et al.* | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | |
|---|---|---|
| Chris Silva | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings:**   **(IN CHAMBERS) ORDER REMANDING THE ACTION TO THE COUNTY OF LOS ANGELES SUPERIOR COURT**

The Court has reviewed the Notice of Removal filed by Defendant Prudential Insurance Company ("Defendant"). (Docket No. 1.) After careful consideration of the record, the Court **REMANDS** the action to the **SUPERIOR COURT FOR THE COUNTY OF LOS ANGELES** for the reasons stated below.

### I.  FACTUAL BACKGROUND

Plaintiff Joshua Sauer ("Plaintiff"), a former employee of Prudential Insurance Company ("Defendant"), filed a wage and hour claim for damages against the Defendant. (Compl. ¶ 4.) On November 3, 2008, Plaintiff was employed by Defendant as a financial services associate for a period of two-years. (*Id*.) On February 15, 2010, prior to the termination of the two-year employment contract, Defendant required Plaintiff to enter into a new written contract wherein Plaintiff became a statutory agent and an independent contractor. (*Id*. at 5.) As a statutory agent, Plaintiff forfeited an enhancement bonus of $663.41 based on his quarterly Gross Distribution Revenue, which he would have been entitled to had he remained a financial services agent. (Domenick Decl. ¶¶ 3-5.) Plaintiff alleges Defendant forced him to sign the new contract under duress, and the unilateral abrogation of the pre-existing contract constituted a constructive termination of Plaintiff's employment. (Compl. ¶¶ 9, 11.)

Plaintiff brought this action in state court alleging causes of action for violation of (1) Cal. Lab. Code §§ 226 and 1198.5; (2) breach of contract; (3) waiting time penalties; and (4) violation of Cal. Lab. Code §§ 216 and 225.5. Plaintiff seeks special damages,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-08699-JHN-RZ | Date | October 28, 2011 |
|---|---|---|---|
| Title | *Joshua Sauer v. The Prudential Ins. Co. of Am. et al.* | | |

attorney's fees, and other cost to be determined at trial. However, the Complaint is silent as to the amount of recovery Plaintiff is seeking. Thereafter, Defendant removed the action to this Court based on diversity jurisdiction.

## II.  DISCUSSION

The defendant bears the burden of establishing the propriety of removal, including actually proving that the amount in controversy exceeds $75,000. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566-567 (9th Cir. 1992). When the complaint is unclear as to the amount of damages that plaintiff seeks, the defendant must show by a preponderance of the evidence that the amount in controversy requirement is met. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860 (9th Cir. 1996).

When it is not "facially apparent" from the complaint that the claims likely exceed the required amount, the district court may consider facts set forth in the notice of removal and "summary judgment-type evidence" relevant to the amount in controversy. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995)). Conclusory allegations are insufficient to meet the burden; rather, defendant must state the underlying facts supporting its assertion that the amount in controversy is met. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (allegations on "information and belief" did not prove jurisdictional amount for purposes of removal jurisdiction). The strong presumption against removal jurisdiction necessarily means that federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F. 2d at 566.

Here, Defendant's blanket assertion that the amount is likely to exceed $75,000 is not enough to establish diversity jurisdiction.

### A. Attorney's Fees

Attorney's fees may be included in the jurisdictional amount if such recovery is allowed by contract or state. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150 (9th Cir. 1998). California allows recovery of attorney's fees in bad faith claims. *Essex Ins. Co. v. Five Star Dye House, Inc.*, 38 Cal. 4th 1252, 1255 (2006) ("[I]n a tort action against an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-08699-JHN-RZ | Date | October 28, 2011 |
|---|---|---|---|
| Title | *Joshua Sauer v. The Prudential Ins. Co. of Am. et al.* | | |

insurance company for breach of the duty of good faith and fair dealing, an insured may recover as damages those attorney fees that are incurred in the same action and are attributable to the attorney's efforts to recover policy benefits that the insurer has wrongfully withheld.")  Some courts include the calculation of attorney's fees incurred after the date of removal and other courts prohibit it.[1]  The Court need not reach the issue here because Defendant did not provide any factual basis for determining how much attorney's fees have been incurred thus far and will be incurred in the future.  (*See* Notice of Removal ¶¶ 17-18.)  Defendant's conclusory allegation that attorney's fees in a single plaintiff wage and hour cases typically exceeds $50,000 is insufficient.  (*Id.* ¶ 18.)  Thus, Defendant's inclusion of Plaintiff's attorney's fees is speculative, unsupported, and cannot be included in determining the amount in controversy.

**B.     Penalty For Failure To Permit Inspection**

Plaintiff's First Cause of Action is for violations of California Labor Code §§ 226 and 1198.5.  (Compl. ¶ 19.)  Section 226(c) imposes a $750 penalty for failing to permit inspection of employee records, in addition to a fine of no less than $100 under Section 1199 for the same conduct.  (Notice of Removal ¶ 12.)  Thus, the potential amount recoverable under Plaintiff's First Cause of Action is $850.

**C.     Breach of Contract**

Plaintiff's Second Cause of Action is a breach of contract claim.  (Compl. ¶ 24.) Plaintiff is seeking the difference in compensation he would have received had he remained a

---

[1] *Compare Faulkner v. Astro-Med, Inc.*, 1999 U.S. Dist. LEXIS 15801, 1999 WL 820198 at *4 (N.D. Cal. Oct. 4, 1999) ("When estimating attorney's fees for the purposes of establishing jurisdiction, the only fees that can be considered are those incurred as of the date of removal."); *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1200 (N.D. Cal. 1998) (declining to consider attorney's fees spent after the date of removal) *with Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (including "a reasonable estimate of attorneys fees likely to be expended" in calculating the amount in controversy); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002) (same); *Burk v. Medical Sav. Ins. Co.*, 348 F. Supp. 2d 1063, 1068-1069 (D. Ariz. 2004).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-08699-JHN-RZ | Date | October 28, 2011 |
|---|---|---|---|
| Title | *Joshua Sauer v. The Prudential Ins. Co. of Am. et al.* | | |

financial services associate, in addition to the compensation during the time period from his constructive termination to the end of contract date. (Notice of Removal ¶ 13.) According to the Defendant, the potential amount recoverable under Plaintiff's Second Cause of Action is $663.93. (*Id*. ¶ 14.)

### D.    Wages Due Upon Termination

Plaintiff's Third Cause of Action is for a violation of California Labor Code § 203. (Compl. ¶ 31.) Section 203 allows Plaintiff to collect the wages he was due at the time of termination. Cal. Labor Code § 203(a). However, recovery of wages is limited to 30 days. Thus, Plaintiff's potential amount recoverable under his Third Cause of Action is $3,600 because Plaintiff's daily rate was $120 multiplied by 30 days. (Notice of Removal ¶ 15.)

### E.    Failure to Pay Wages

Plaintiff's Fourth Cause of Action alleges violations of California Labor Code §§ 216 and 225.5. (Compl. ¶¶ 37-38.) However, these sections do not authorize a private cause of action to recover damages. (Notice of Removal ¶ 16.)

### F.    Costs and Prejudgment Interest

Costs and prejudgment interest are expressly prohibited from inclusion in the amount in controversy requirement. 28 U.S.C. § 1332(a)(1).

| | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | | JS-6 |
|---|---|---|---|
| | **CIVIL MINUTES - GENERAL** | | |
| Case No. | 2:11-cv-08699-JHN-RZ | Date | October 28, 2011 |
| Title | *Joshua Sauer v. The Prudential Ins. Co. of Am. et al.* | | |

## III.  CONCLUSION

Defendant has failed to provide any evidence that it is more likely than not that the amount in controversy in this case exceeds $75,000.  Excluding the allegation of attorney's fees, the potential amount in controversy apparently totals $5,113.93.  In light of the "strong presumption against removal jurisdiction," *Gaus*, 980 F.2d at 556, the Court **REMANDS** the action to the **COUNTY OF LOS ANGELES SUPERIOR COURT**.

**IT IS SO ORDERED.**

| | : | N/A |
|---|---|---|
| Initials of Preparer | | CSI |